1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ROBERT TUNSTALL,

11              Plaintiff,                No. CIV S-07-0797 MCE KJM P

12         vs.

13    VICTOR F. BREWER, et al.,

14              Defendants.              <u>ORDER</u>

15    _____/

16         Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17    U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18    § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19    § 636(b)(1).

20         Plaintiff has submitted a declaration that makes the showing required by 28

21    U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23    U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $4.46 will be assessed by this

24    order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25    collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26    Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1  preceding month's income credited to plaintiff's prison trust account.  These payments will be

2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4         The court is required to screen complaints brought by prisoners seeking relief

5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

8  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9  U.S.C. § 1915A(b)(1),(2).

10         A claim is legally frivolous when it lacks an arguable basis either in law or in

11  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

12  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.

14  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

15  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

16  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17         A complaint, or portion thereof, should only be dismissed for failure to state a

18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

19  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

20  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

21  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

22  complaint under this standard, the court must accept as true the allegations of the complaint in

23  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26  /////

1    The court finds that the allegations in plaintiff's complaint are so vague that the

2    complaint fails to state a claim upon which relief can be granted.  Although the Federal Rules of

3    Civil Procedure  adopt a flexible pleading policy, a complaint must give fair notice and state the

4    elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d

5    646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt

6    acts which defendants engaged in that support plaintiff's claim.  Id.  It appears plaintiff may be

7    trying to plead causes of action for denial of medical and mental health care and failure to

8    protect.  The Eighth Amendment's prohibition of cruel and unusual punishment extends to

9    medical care of prison inmates.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  In order to state

10   a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a

11   prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate

12   indifference to serious medical needs."  Id. at 106.  The Eighth Amendment's prohibition on

13   cruel and unusual punishment also imposes on prison officials a duty to "take reasonable

14   measures to guarantee the safety of the inmates."  Farmer v. Brennan, 511 U.S. 825, 832 (1991)

15   (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).  An inmate's Eighth Amendment

16   rights are violated by a prison official if that official exposes an inmate to a "substantial risk of

17   serious harm," while displaying "deliberate indifference" to that risk.  Id. at 834.

18   Plaintiff's complaint must be dismissed.  The court will, however, grant leave to

19   file an amended complaint.  If plaintiff chooses to amend the complaint, plaintiff must

20   demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's

21   constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint

22   must allege in specific terms how each named defendant is involved.  There can be no liability

23   under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

24   defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

25   Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

26   /////

3

1  1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

2  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

4  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

5  amended complaint be complete in itself without reference to any prior pleading.  This is

6  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

7  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

8  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

9  original complaint, each claim and the involvement of each defendant must be sufficiently

10  alleged.

11          Plaintiff has requested the appointment of counsel.  The United States Supreme

12  Court has ruled that district courts lack authority to require counsel to represent indigent

13  prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

14  certain exceptional circumstances, the court may request the voluntary assistance of counsel

15  pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

16  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

17  does not find the required exceptional circumstances.  Plaintiff's request for the appointment of

18  counsel will therefore be denied.

19          In accordance with the above, IT IS HEREBY ORDERED that:

20          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

21          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

22  Plaintiff is assessed an initial partial filing fee of $4.46.  All fees shall be collected and paid in

23  accordance with this court's order to the Director of the California Department of Corrections

24  and Rehabilitation filed concurrently herewith.

25          3.  Plaintiff's complaint is dismissed.

26  /////

4

1    4.  Plaintiff is granted thirty days from the date of service of this order to file an

2  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

3  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

4  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

5  an original and two copies of the amended complaint; failure to file an amended complaint in

6  accordance with this order will result in a recommendation that this action be dismissed.

7    5.  Plaintiff's April 26, 2007 request for the appointment of counsel is denied.

8  DATED:  October 24, 2007.

9    _____

   U.S. MAGISTRATE JUDGE

10

11  1/mp
   tuns0797.14(4.26.07)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26